UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOHN W. BLASKO, | ) | |
|---|---|---|
| Plaintiff | ) | |
| vs. | ) | CAUSE NO. 3:02-CV-473 RM |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant | ) | |

## MEMORANDUM and ORDER

John Blasko seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his request for waiver of his obligation to repay an overpayment of Disability Insurance Benefits paid to him and his children under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 416(i) and 423. Mr. Blasko first requested a waiver of the overpayment in June 1993, but his request wasn't acted upon until July 1999 when the Social Security Administration ("SSA") sent him a letter informing him of the amount of his overpayment. He again requested a waiver, which was denied initially by the SSA on November 2, 1999, and on reconsideration on August 24, 2000.

Mr. Blasko then requested a hearing, which was held on July 31, 2001. The Administrative Law Judge concluded that Mr. Blasko was at fault in causing or accepting the overpayments of Disability Insurance Benefits from May 1992

through June 1993. The Appeals Council denied Mr. Blasko's request for review on May 17, 2002, and the ALJ's decision became the final decision of the Commissioner. *See* Smith v. Apfel, 231 F.3d 433, 437 (7th Cir. 2000); 20 C.F.R. §§ 404.955, 404.981, 416.1481. This appeal followed.

Judicial review of the Commissioner's decision under 42 U.S.C. § 405(g) is limited. *See* Jones v. Shalala, 10 F.3d 522, 523 (7th Cir. 1993); Rice v. Apfel, 8 F. Supp. 2d 769, 772 (N.D. Ill. 1998). The factual findings and conclusions of the ALJ, who acts on behalf of the Commissioner, are conclusive and bind this court if they are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g); Clifford v. Apfel, 227 F.3d 863, 969 (7th Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Clifford v. Apfel, 227 F.3d at 869 (*quoting* Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court may not reweigh the evidence, reconsider facts, resolve conflicts in the evidence, or decide questions of credibility unless those determinations are patently wrong. *See* Schoenfeld v. Apfel, 237 F.3d 788, 792 (7th Cir. 2001); Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994). A court may neither "substitute [its] own judgment for that of the SSA," Knight v. Chater, 55 F.3d 309, 313 (7th Cir. 1995), nor "merely rubber stamp" the SSA's decision. Ehrhart v. Secretary of Health and Human Servs., 969 F.2d 534, 358 (7th Cir. 1992).

Under the Social Security Act, overpayment of disability benefits is governed by Section 404, which provides that

> [i]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

42 U.S.C. § 404(b). An individual is not "without fault" in accepting an overpayment of benefits if he makes an incorrect statement that "he knew or should have know to be incorrect," fails to furnish information that "he knew or should have known to be material," or accepts payments that "he knew or could have been expected to know [were] incorrect." 20 C.F.R. § 404.507(a)-(c). That the SSA may have been at fault in making the overpayments does not relieve the overpaid individual from making repayment if that individual is not without fault. 20 C.F.R. § 404.507.

Mr. Blasko challenges the ALJ's decision, arguing, first, that the ALJ didn't properly advise him of the advantages of having an attorney represent him at the hearing; second, that the ALJ didn't fairly and fully develop the record at the hearing; and, third, there isn't sufficient evidence in the record to support the ALJ's decision. Mr. Blasko maintains he was severely prejudiced by his lack of counsel, counsel who would have established that he is not at fault for the overpayment of benefits and so is entitled to a waiver of the overpaid benefits. Mr.

3

Blasko says his case should be remanded to a new ALJ for a new hearing with experienced counsel.

Mr. Blasko says the record demonstrates that the ALJ didn't adequately advise him of his right to be represented by counsel or inform him of the importance of being represented by counsel. He claims he was incapable of representing himself. He says counsel would have presented a more organized version of the facts to the ALJ, reviewed the entire file prior to the hearing, identified, interviewed, and subpoenaed witnesses from the SSA who had information about Mr. Blasko's case, and "insured that the ALJ reviewed all of the pertinent file materials, not just what the District Office of Social Security deemed pertinent to send on to the ALJ." According to Mr. Blasko, he was prejudiced by the ALJ's failure to ensure that he had competent counsel representing him at the hearing.

A social security claimant has a statutory right to be represented at his administrative hearing. See 42 U.S.C. § 406; 20 C.F.R. § 404.1700. "The claimant must be properly informed of this right, but may waive it if given sufficient information to enable him to intelligently decide whether to retain counsel or proceed *pro se*." Thompson v. Sullivan, 933 F.2d 581, 584 (7th Cir. 1991). The ALJ informed Mr. Blasko that he had the right to have an attorney represent him at the hearing, and asked him if he wanted to proceed without counsel, to which Mr. Blasko responded, "Yes." Rec., at 173. The Commissioner concedes, though, that

the ALJ didn't follow the dictates of Binion v. Shalala and Thompson v. Sullivan, which provide that before a valid waiver of counsel can be obtained, the ALJ must explain "(1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." Binion v. Shalala, 13 F.3d 243, 245 (7th Cir. 1994) (*citing* Thompson v. Sullivan, 933 F.2d at 584). If an ALJ doesn't adequately explain to a claimant the right to counsel or obtain a valid waiver of that right from the claimant, the burden is on the Commissioner to show that the ALJ fully and fairly developed the record, that is, that the ALJ "probe[d] the claimant for possible disabilities and uncover[ed] all of the relevant evidence. . . . Without the shifting of this burden, no sanction would exist for an ALJ's inadequate explanation of a claimant's rights." Binion v. Shalala, 13 F.3d at 245.

The ALJ fully and fairly developed the record. The ALJ elicited testimony from Mr. Blasko about his disability, his work history, his contacts with the SSA, and his financial status [Rec., at 173-204], and reviewed more than 100 pages of Mr. Blasko's records, including findings relating to his disability, information about his bankruptcy and financial status, records of wage information provided to the SSA by Mr. Blasko and his employers, findings of the SSA relating to the termination of his disability benefits, information relating to the SSA's determination of an overpayment of benefits, and Mr. Blasko's submissions in

5

connection with that overpayment [Rec., at 12-170]. "Once the Secretary establishes that the record was developed fully and fairly, the [claimant] has the opportunity to rebut this showing by demonstrating prejudice or an evidentiary gap. Prejudice may be demonstrated by showing that the ALJ failed to elicit all of the relevant information from the claimant." Binion v. Shalala, 13 F.3d at 245.

Mr. Blasko first argues that the ALJ improperly considered the documentary evidence from his administrative file. According to Mr. Blasko, because those documents were never introduced into evidence at the hearing, the documents can't be used to contradict his otherwise uncontradicted testimony before the ALJ.

The administrative review process involves consideration of all information presented by the claimant, "as well as all the information in [the Social Security Administration's] records," 20 C.F.R. § 404.900(b), and requires that the ALJ accept "as evidence any documents that are material to the issues." 20 C.F.R. § 404.944. *See also* 42 U.S.C. § 405(c)(3) ("The Commissioner's records shall be evidence for the purpose of proceedings before the Commissioner of Social Security or any court of the amount of wages paid to, and self-employment income derived by, an individual and of the periods in which such wages were paid and such income was derived."); 42 U.S.C. § 405(c)(4)(A) ("The Commissioner's records . . . of the amount of wages paid to, and self-employment income derived by, an individual during any period in such year shall be conclusive . . . ."); 42 U.S.C. § 405(c)(7) ("If a hearing is held pursuant to this paragraph the Commissioner of

Social Security shall make findings of fact and a decision based upon the evidence adduced at such hearing and shall include any omitted items, or change or delete any entry, in the Commissioner's records as may be required by such findings and decision.") Mr. Blasko was told at his hearing that the ALJ's decision would be based on the oral testimony presented at the hearing and on the written record. *See* Rec., at 173. His claim that the ALJ improperly considered the documents contained in the administrative record is without merit.

Mr. Blasko says he was prejudiced by not having counsel at the hearing because counsel could have been more effective in presenting his case to the ALJ, but he hasn't said what evidence counsel would have or should have presented at the hearing. He claims an attorney would have interviewed Annette Long and a "white-haired" man, both from the local social security office, about their contacts with him, but hasn't specified what information those individuals would have presented to support his request for waiver. Mr. Blasko hasn't alleged that the ALJ prevented him in any way from presenting evidence at the hearing, nor has he pointed to any evidence the ALJ should have considered, but didn't.

The ALJ examined Mr. Blasko's disability and work history [Rec., at 14], the documents verifying Mr. Blasko's wages [Rec., at 14], and various reports of contact between Mr. Blasko and the SSA [Rec., at 16]. He discussed Mr. Blasko's testimony, and found that Mr. Blasko's lack of candor about his work history limited "the reliability afforded [his] credibility with respect to the overpayment

7

issue." Rec., at 16. The ALJ found that the lack of evidence supporting Mr. Blasko's claims about his work history also undermined the reliability of his testimony. [Rec., at 17]. The ALJ concluded that based on the evidence, it was "reasonable to conclude that [Mr. Blasko] should have known that he was accepting payments that he could have been expected to know were incorrect." Rec., at 16. Mr. Blasko hasn't pointed to any evidence in the record tending to support his claim that the ALJ disregarded. Mr. Blasko hasn't established that the ALJ failed to fully and fairly develop the record.

Substantial evidence in the record supports the ALJ's findings and conclusions that Mr. Blasko is not without fault in causing the overpayment of benefits. Accordingly, Mr. Blasko's request that his case be remanded is DENIED and the Commissioner's decision is AFFIRMED.

SO ORDERED.

ENTERED: _____

S/Robert L. Miller, Jr.
_____
Robert L. Miller, Jr., Chief Judge
United States District Court

cc: R. Sniadecki
C. Johnson

8